UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AYO HALL, ) | |
| ) | |
|     Plaintiffs ) | |
| ) | CAUSE NO. 3:07-CV-146 RM |
| vs. ) | |
| ) | |
| J. DAVID DONHUE, *et al.*, ) | |
| ) | |
|     Defendants ) | |

<u>OPINION AND ORDER</u>

Ayo Hall, *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Weiss v. Cooley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim

> showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Hall alleges that on June 1, 2006, Correctional Officer Klauer used excessive force against him when he punched a window causing glass to shatter onto his face and into his eyes.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
>> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference

> extends to a prison security measure taken in response to an actual confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted).

Attachments to the complaint demonstrate that Officer Klauer claimed that breaking the glass was an accident. Nevertheless, giving Mr. Hall the benefit of the inferences to which he is entitled at the pleading stage of this proceeding, Mr. Hall appears to allege more than a mere dispute over the reasonableness of striking the window. It is reasonable to infer that he is alleging that the glass was broken maliciously and sadistically for the very purpose of causing harm. Therefore he has stated an excessive force claim against Officer Klauer.

In addition, Mr. Hall alleges that Commissioner Donhue and Superintendent Buss did not provide him with a safe and secure environment. He does not allege and, based on this complaint, it is not reasonable to infer that either of these defendants had any personal involvement with breaking the window nor that they had any forewarning of this alleged attack.

> The doctrine of respondeat superior can not be used to hold a supervisor liable for conduct of a subordinate that violates a plaintiff's constitutional rights. Supervisory liability will be found, however, if the supervisor, with knowledge of the subordinate's conduct, approves of the conduct and the basis for it. That is, to be liable for the conduct of subordinates, a supervisor must be personally involved in that conduct. Supervisors who are merely negligent in failing to detect and prevent subordinates' misconduct are not liable. The supervisors must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see. They must in other words act either knowingly or with deliberate, reckless indifference.

Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001) (citations and quotation marks omitted). The allegations against these defendants do not state a claim, so they will be dismissed.

For the foregoing reasons, the court:

(1) GRANTS Ayo Hall leave to proceed against Officer Klauer in his individual capacity for monetary damages for an excessive use of force in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES J. David Donhue and Ed Buss;

(4) DIRECTS the clerk to transmit the summons and USM-285 for Officer Klauer to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(5) DIRECTS the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Officer Klauer; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Officer Klauer respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10.1, only to the claim for which he has been granted leave to proceed in this screening order.

SO ORDERED.

ENTERED: April  13 , 2007

                                              /s/ Robert L. Miller, Jr.  
                                             Chief Judge  
                                             United States District Court