UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AYO HALL, ) | |
| ) | |
| Plaintiffs ) | |
| ) | CAUSE NO. 3:07-CV-146 RM |
| vs. ) | |
| ) | |
| J. DAVID DONHUE, *et al.*, ) | |
| ) | |
| Defendants ) | |

OPINION AND ORDER

Ayo Hall, *pro se* prisoner, filed a complaint alleging that on June 1, 2006, Correctional Officer Klauer used excessive force against him when he punched a window causing glass to shatter onto his face and into his eyes. The defendant filed a motion for summary judgment. In response, Mr. Hall filed a motion seeking additional time to conduct discovery before he responds. He attached three declarations to that motion. Because these declarations are sufficient to defeat the motion for summary judgment, additional time is unnecessary.

The standard for reviewing a summary judgment motion is the same regardless of whether a party is represented by counsel. Outlaw v. Newkirk, 259 F.3d 833, 836-837 (7th Cir. 2001).

> [T]he plain language of [FED. R. CIV. P.] 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts

immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

Celotex v. Catrett, 477 U.S. 317, 322-23 (1986).

The defendant admits that he touched the glass and that it broke, but states that he did not intend to break the glass. He argues that the plaintiff cannot prove that he had the requisite intent to cause harm. Intent is an element of the plaintiff's excessive use of force claim.

> Where a prison security measure is undertaken to resolve a disturbance, such as occurred in this case, that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm. As the District Judge correctly perceived, such factors as the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted are relevant to that ultimate determination. From such considerations inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur. But equally relevant are such factors as the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.
>
> When the ever-present potential for violent confrontation and conflagration, ripens into actual unrest and conflict, the admonition that a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators carries special weight. Prison administrators should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security. That deference extends to a prison security measure taken in response to an actual

confrontation with riotous inmates, just as it does to prophylactic or preventive measures intended to reduce the incidence of these or any other breaches of prison discipline. It does not insulate from review actions taken in bad faith and for no legitimate purpose, but it requires that neither judge nor jury freely substitute their judgment for that of officials who have made a considered choice. Accordingly, in ruling on a motion for a directed verdict in a case such as this, courts must determine whether the evidence goes beyond a mere dispute over the reasonableness of a particular use of force or the existence of arguably superior alternatives. Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain under the standard we have described, the case should not go to the jury.

Whitley v. Albers, 475 U.S. 312, 321-322 (1986) (citations, ellipsis, and quotation marks omitted).

In his declaration, the defendant states that,

> 4. I observed an offender behind a multi-paned window, talking through an empty pane.
> 5. I walked over to ask the offender to leave and Offender Ayo Hall, DOC # 975367, came up to the window and put his face against a different pane.
> 6. I tapped on the glass with my knuckle.
> 7. The glass broke into shards.
> 8. I did not think the glass was going to break when I tapped on it.
> 9. It was not my intention or purpose to break the glass.

Klauer Declaration, docket # 30-2 at 1.

In response, Mr. Hall has submitted three declarations. In his declaration, he states that, "Officer Klauer was upset after an exchange of words between him and I, this officer did punch the glass window out of anger causing me a serious eye injury, a cut on my nose and intense pain." Hall Declaration at ¶ 2, docket # 33-2 at 1 (emphasis omitted). He also submitted statements from two other offender witnesses. Michael Wrencher stated, "on

said day Department of Correction Guard punched the glass window and yelled get Your ass out of the window while Ayo Hall was looking through it." Docket # 33-3 at 7. Jermaine Brown declared,

> On the 1st of June, 2006, while entering the check point to the recreation yard I, Jermaine Brown, stood witness to the Officer and Plaintiff arguing back and forth, both using many words of profanity. The Officer then turned to take notice that I was standing there. When once again he heard a knock at the window, while turning and making the statement, "Boy get your ass away from the window . . ." he followed with a fist and punched the window.

Brown Declaration, docket # 33-3 at 9.

Though this evidence may or may not be sufficient to persuade a jury to find for the plaintiff, the court cannot say that no reasonable juror could reach such a finding based on this evidence of intent. Intent can be proven by inference. *See* Hill v. Shelander, 992 F.2d 714, 717 (7th Cir. 1993) ("Yet we find that Hill has produced evidence going beyond only the amount of force applied by Shelander. Hill presented evidence from which a finder of fact could infer that Shelander applied force with the intent to punish."). Mr. Hall's evidence of conflict between he and the defendant, combined with yelling, swearing and punching the window could support such an inference. Therefore the summary judgment motion will be denied.

For the foregoing reasons, the court: (1) DENIES the motion for summary judgment (docket # 29); and (2) DENIES AS MOOT the motion to enlarge time (docket # 33).

SO ORDERED.

ENTERED: September  5 , 2007

   /s/ Robert L. Miller, Jr.
Chief Judge
United States District Court